# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITA GUZMAN, | CASE NO. 1:11-cv-01249-LJO-SKO |
| Plaintiff, | **ORDER DENYING JOINT MOTION TO EXTEND TIME TO COMPLETE DISCOVERY WITHOUT PREJUDICE** |
| v. | |
| | (Docket No. 14) |
| KINGS CREDIT SERVICES; and DOES 1-10, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

On March 21, 2012, the parties filed a joint motion for a 60-day extension of time to complete discovery. (Doc. 14.) In their motion, the parties seek to extend the discovery deadline from April 2, 2012, to June 1, 2012, and "an extension of all other court-ordered deadlines by sixty (60) days." (Doc. 14, 2:8-9.) Additionally, the parties seek to continue the date of the settlement conference currently set for April 10, 2012, to June 12, 2012. For the reasons set forth below, the parties' joint motion for a schedule modification is DENIED without prejudice.

## II. DISCUSSION

The parties seek a modification of the scheduling deadlines on several grounds. In their joint motion, they indicate that party depositions and the deposition of a third-party witness have not been completed. (Doc. 14, ¶ 3.). The parties note that they do not believe a settlement conference "will be fruitful before completion of depositions." (Doc. 15, ¶ 5.) Finally, counsel for Defendant Kings Credit Services has a trial scheduled on April 10, 2012, which is not likely to be continued. (Doc. 14, ¶ 5.)

The scheduling order issued on November 14, 2011, set forth the following:

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation**. **Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Aside from the fact that the request to modify the schedule is not supported by a declaration or affidavit, the parties have not shown the requisite good cause for a wholesale revision to the schedule, including the trial date.[1] Workload considerations and the unavailability of witnesses will rarely establish good cause for extensions of time, particularly extensions that will require revision of the entire schedule, because these issues more often reflect a lack of advanced planning rather than exigent or unavoidable circumstances beyond the parties' control. Moreover, as emphasized to counsel at the scheduling conference, the United States District Court for the Eastern District of California is operating under an extremely burdensome per-district-judge caseload. Continuing scheduling deadlines and trial dates impacts an already onerous trial calendar and cannot be accommodated absent truly good cause.[2]

---

[1] The parties submitted a proposed order indicating that only the discovery deadlines and the settlement conference were to be rescheduled. However, a review of the parties' motion indicates that they are seeking to continue all the deadlines in the case, including the trial date.

[2] The Court also notes that, given the schedule proposed by the parties and put into place by the Court's scheduling order, any extension of the discovery deadline will necessarily impact the remainder of the case deadlines. Thus, continuing only the discovery deadlines is not a viable option.

### III.   CONCLUSION

With the foregoing in mind, the parties may renew their request for a continuance of the scheduling deadlines by setting forth, in a declaration or affidavit, good cause for the schedule modification that establishes why the inability to timely complete discovery is not due to a lack of diligence.

Accordingly, it is HEREBY ORDERED that the parties' joint motion to extend time to complete discovery is DENIED without prejudice.

IT IS SO ORDERED.

**Dated:   March 23, 2012**            /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE